UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEITH MATHEWS *On behalf of himself and Others similarly situated* Plaintiff, vs. REALBIRD, Inc. Defendant. | Case No. |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacted business in this district.

### III.     PARTIES

4. Plaintiff, Keith Mathews, is a natural person residing in Suffolk County Massachusetts.

5. Defendant, RealBird, Inc. is a foreign corporation created under the laws of California with a principal office located at 434 Quartz Street, Redwood City, CA 94062.

6. Defendant has a registered agent by the name of Gabriel Gross with an address of 434 Quartz Street, Redwood City, CA 94062.

### IV.     FACTUAL ALLEGATIONS

7. The Plaintiff called the telephone number on a real estate agent's sign with his cellular phone.

8. The call was not answered.

9. Upon hanging up the call the Plaintiff received two text messages from the Defendant each communicating the following:

    "Thank you for your real estate inquiry. Please see this link for details http://bitly/1g4TnYy. Or call (884) 3733657 for more info." (See Attachment A)

10. The link from the text message is connected to a website for "Paul R. Marino, Principal Broker Landfall Properties, LLC."

11. There is a link on that site that indicates that the sight is "POWERED BY REALBIRD"

12. The RealBird, Inc. website (www.realbird.com) advertises that the company offers a service titled "Phone call handling included" and describes it as follows:

    "When a prospect calls your SMS number- instead of texting the code to it- we capture the caller's number for you and send back an SMS to the home buyer on your behalf. The link in the text message will load either to your mobile listing site or your private labeled RealBird Mobile Real Estate Website (http://www.realbird.com/Mobile-Real-Estate-Websites.aspx) depending on whether the home buyer is near the property or not. Sweet

& smart geolocation magic isn't it?"

(See Attachment B).

13. The Website further indicates that the service includes two text messages per phone call in a section labeled "How much does it cost?"

"The SMS listing marketing is included with the RealBird Pro service but requires a SMS capable phone number from Twilio (http://www.twilio.com). The cost for the SMS number is only $1/month. In addition, each SMS costs 1 cent (ie. 2 cents per lead) (See Attachment B).

14. The Plaintiff did not give his consent to receive these text messages.

15. The second text message was sent immediately after the first.

16. Neither text allowed the Plaintiff to opt out of receiving additional text messages.

17. The Plaintiff called the number on the realtor's sign at 10:29 am and received the text messages attached as Attachment A at 10:29 am.

18. Given the speed at which the text was received and the duplicative content of the message the Defendant used an autodialer to send these messages.

19. "For autodialed or prerecorded-voice telemarketing calls to wireless numbers, prior express consent must be written." TCPA OMNIBUS DECLARATORY RULING AND ORDER, JULY 10, 2015, PAGE 8.

## V.   CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the United States of America who within the last four years received automated text messages from RealBird, Inc., to their cellular telephone, where RealBird, Inc. had no express written consent before the text

      was made, and excluding those who received only one call to a number reassigned to a wireless from a land-line.

(the "Class"). Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

21. The proposed Class is believed to be so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

22. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the Class, Plaintiff received autodialed or predictive dialed calls to his cellular phone for which he did not give consent.

23. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation. Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to

individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

25. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

> i.  Defendant's violations of the TCPA as alleged herein;
>
> ii. The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of automatically dialed text messages to cellular phones without the consent of the called individual.

26. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

27. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## *VI.  CLAIMS FOR RELIEF*

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

28. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

29. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

30. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

31. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

32. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

33. Here, Defendant has used an "automatic telephone dialing system" to text the Plaintiff on his cellular telephone.

34. In the alternative Defendant has used a "predictive telephone dialing system" to text the Plaintiff on his cellular telephone.

35. The Defendant did not have Plaintiff's consent to contact his cell phone.

36. The Defendant sent these texts with careless or reckless disregard that their conduct violated the law.

37. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted

these violations in a widespread manner.

38. The claims on the Defendant's website implies that the Defendant has conducted these violations in a widespread manner.

39. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Federal Law.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

    a. Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

    b. Adjudge that Defendant violated 47 U.S.C. § 227;

    c. Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

    d. Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    e. Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

    f. Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g. Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

    h. Issue such other and further relief as the Court may deem just and proper.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: September 3, 2015

    Respectfully submitted,
    Counsel for the Plaintiff,
    and the proposed Class,

    <u>/s/ John F. Skinner, III</u>
    ATTY. JOHN F. SKINNER, III
    [BBO#676768]
    Skinner, Rivard & Siekmann
    587 Union Street
    Manchester, NH 03104
    Tel: (603) 622-8100
    Fax: (888) 912-1497
    AttorneySkinner@gmail.com